IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Lawrence Nance, ) | C/A No. 2:14-744-TLW-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Kenny Atkinson, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

Petitioner, Jimmy Lawrence Nance ("Petitioner"), is a federal prisoner in Federal Correctional Institution Edgefield ("FCI Edgefield") in Edgefield, South Carolina. Petitioner, proceeding pro se and in forma paupers, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging federal conviction and sentence of life imprisonment imposed upon him in the United States District Court for the Western District of Virginia, on September 21, 1993. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c)(DSC) for initial screening.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

**FACTUAL AND PROCEDURAL BACKGROUND**

The undersigned takes judicial notice of Petitioner's prior § 2241 habeas proceedings in this Court. See Nance v. Dove, C/A No. 4:00-3371-HMH-TLW (D.S.C.) and Nance v. Ray, C/A No. 4:00-979-HMH-TLW (D.S.C.).[2] Petitioner was convicted of first degree murder of a United States Postal Service employee engaged in the performance of her official duties, under 18 U.S.C. §§ 1111 and 1114, in United States v. Nance, Cr. No. 92-135-R (W.D.Va.).[3] Petitioner's conviction and sentence were affirmed on appeal in United States v. Nance, 67 F.3d 298 (4th Cir. 1995) cert. denied 516 U.S. 1136 (1996). Petitioner's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C.

---

[2] See  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (the district court clearly had the right to take judicial notice of its own files and records).

[3] See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

§ 2255, was not successful. See United States v. Nance, 107 F.3d 868 (table), 1997 WL 85993 (4th Cir. 1997). A second § 2255 motion was denied without prejudice by the sentencing court and Petitioner's appeal of the denial was dismissed, in United States v. Nance, 125 F.3d 849 (4th Cir, 1997). Petitioner filed motions to reopen his previous § 2255 motion, petitions for a writ of mandamus, and petitions for a writ of certiorari, which were denied, with the denials upheld on appeal by the Fourth Circuit and the United States Supreme Court. See, e.g., Nance v. United States, 133 S.Ct. 2364 (2013); In re Nance, 538 F. App'x 300 (4th Cir. 2013); United States v. Nance, 507 F. App'x 318 (4th Cir. 2013); In re Nance, 238 F.3d 413 (4th Cir. 2000). Petitioner also filed a petition for writ of certiorari in the original jurisdiction of the Supreme Court of the United States, which was denied. See In Re Jim L. Nance, 528 U.S. 1073 (2000).

In Nance v. Dove, C/A No. 4:00-3371-HMH-TLW (D.S.C.) and Nance v. Ray, C/A No. 4:00-979-HMH-TLW (D.S.C.), Petitioner's claims were found not to be proper grounds for a habeas petition filed pursuant to § 2241. Because Petitioner sought relief from his convictions and sentences, this Court held that the relief he requested was available, if at all, from the sentencing court, under § 2255. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003); United States v. Morehead, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000) (holding court must construe motion as attacking his sentence under § 2255 regardless of the petitioner's captioning). Petitioner was advised that the fact that a § 2255 action may be untimely or successive does not render a § 2255 remedy inadequate or ineffective, Phillips v. Jeter, 2005 WL 465160, *1-*2 (N.D. Tex. Feb. 25, 2005), and that he must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion to vacate his convictions and sentences.

3

In the instant § 2241 Petition, Petitioner claims that he is challenging his sentence, and alleges that "§ 2255 is inadequate and ineffective to test the legality of Petitioner's continued confinement" because "sentencing errors are not cognizable on § 2255." Petition, ECF No. 1, p. 3. Petitioner asserts three grounds for relief: (1) "the District Court in imposing a life sentence, made determinations of fact that should have been left up to the jury," (2) "his attorneys at trial and sentencing provided ineffective assistance of counsel by failing to object to this error," and (3) "the jury instructions was defective in that it allowed the jury to convict him of 18 U.S.C. § 1111 without ensuring the jury was unanimous in finding Petitioner guilty of all elements that make up the crime for which he was charged." Id. at 4. Petitioner attaches to his Petition a "verified affidavit of actual innocence," ECF No. 1-3, asserting that Petitioner is "factually, actually, and legally innocent of violating any federal crime" because: Petitioner was denied effective assistance of counsel because neither his trail nor appellate counsel was qualified to defend a capital case; Petitioner's indictment charged that the crime occurred in the special maritime and territorial jurisdiction of the United States, but § 18 U.S.C. § 111 must be read in context with 18 U.S.C. § 7 (3) and cannot be applied to crimes that occur on private property, and the trial court omitted this jurisdictional element for the jury's instructions; the sentencing court imposed an unconstitutional sentence based on facts not proven beyond a reasonable doubt and entered a directed verdict for [the] government. See ECF No. 1-3, p. 1-2.

In addition to his Petition, Petitioner has also filed: (1) a Motion to Conduct an Evidentiary Hearing (ECF No. 2); (2) a Motion for Writ of Habeas Corpus ad Testificandum

(ECF No. 3); (3) a Second Objection to Delegation to Magistrate (ECF No. 14); and (4) a Request for Judicial Notice (ECF No. 15).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 805 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Further, a § 2255 motion must be brought in the sentencing court. In contrast, a writ under § 2241 by a federal prisoner "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention,'" Brown v. Rivera, 2009 WL 960212 at * (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).[4] Because Petitioner is incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this Court. However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

A second or successive § 2255 petition is prohibited unless the second or successive petition meets the "gate-keeping requirement" of § 2255(h), i.e. it must be

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

---

[4] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); Manigault v. Lamanna, No. 8:06-047-JFA-BHH, 2006 2006 U.S. Dist. LEXIS 30237 at *3 (D.S.C. 2006).

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner characterizes this action as a challenge to his sentence. It is clear on the face of the pleadings, however, that Petitioner is not challenging the execution of his sentence, but the underlying validity of his first degree murder conviction and the resulting sentence of life imprisonment. It appears that, because Petitioner has so far been unable to satisfy the gate-keeping provision of § 2255(h) to gain the Fourth Circuit's authorization to file a successive § 2255 motion, Petitioner has elected to try to circumvent the gate-keeping requirement by filing this § 2241 habeas petition, and attempting to disguise it as a mere challenge to his sentence, while alleging his "actual innocence" of the underlying conviction.

Only if a federal prisoner can satisfy the savings clause of § 2255,[5] may he pursue relief through a § 2241 habeas petition. See San-Miguel v. Dove, 291 F.3d 257, 260–61 (4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings

---

[5] The savings clause of § 2255 states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in Jones, 226 F.3d at 333-34. The test provided in In re Jones requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Id.

Here, Petitioner has failed to allege, much less demonstrate, that there has been a change in the substantive law such that the conduct of which he was convicted is no longer deemed criminal. See Jones, 226 F.3d at 333-34. Consequently, the instant § 2241 Petition fails to satisfy the requirements of the savings clause of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition should be dismissed. Petitioner's claim of actual innocence is based on the alleged legal insufficiency of the trial proceeding, not on Petitioner's factual innocence of the crime. See Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner's claim is facially inadequate to require consideration by this Court, because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence

7

- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial"); Doe v. Menefee, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Rather, Petitioner's actual innocence claim is based on his assertions that his trial and appellate counsel were ineffective, and that the sentencing court committed legal errors.

In addition, if this recommendation is adopted, Petitioner's Motion to Conduct an Evidentiary Hearing (ECF No. 2), and Motion for Writ of Habeas Corpus ad Testificandum (ECF No. 3) should be denied.[6]

## RECOMMENDATION

Accordingly, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). It is further recommended that Petitioner's pending Motions (ECF Nos. 2 and 3) be denied.

Petitioner's attention is directed to the important notice on the next page.

April 30, 2014                                      s/Bruce Howe Hendricks
Charleston, South Carolina                 United States Magistrate Judge

---

[6] Petitioner's "Motion to Remove Magistrate and Motion to Strike Magistrate From Any and All Portions of the Habeas Corpus Filing" (ECF No. 17) was denied by Chief United States District Judge Terry L. Wooten on April 22, 2014. See ECF No. 19.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).